IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOFTWARE TREE, LLC., | § |
| *Plaintiff*, | § § § |
| v. | § No. _____ § § JURY DEMANDED |
| RED HAT, INC., HEWLETT-PACKARD COMPANY, GENUITEC, L.L.C., and DELL, INC., | § § § § |
| *Defendant*. | § § |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Software Tree, LLC. ("Plaintiff" or "Software Tree"), files this Original Complaint for patent infringement against Defendants Red Hat, Inc. ("Red Hat"), Hewlett-Packard Company ("HP"), Genuitec, L.L.C. ("Genuitec"), and Dell, Inc. ("Dell") (collectively, "Defendants") and alleges as follows:

### I. THE PARTIES

1. Plaintiff Software Tree is a limited liability corporation organized under the laws of the State of California and having its principal place of business at 2953 Bunker Hill Lane, Suite 400, Santa Clara, CA 95054.

2. Upon information and belief, Defendant Red Hat is a Delaware corporation having a principal place of business at 1801 Varsity Drive, Raleigh, North Carolina 27606. Upon information and belief, Red Hat is authorized to do business in Texas and may be served

with process by serving its registered agent, C T Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201.

3. Upon information and belief, Defendant HP is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304. Upon information and belief, HP is authorized to do business in Texas and may be served with process by serving its registered agent, C T Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201.

4. Upon information and belief, Defendant Genuitec is a Texas limited liability company having a principal place of business at 2221 Justin Road #119-340, Flower Mound, Texas 75028. Upon information and belief, Genuitec is authorized to do business in Texas and may be served with process by serving its registered agent, Wayne Parrott, 2505 Powderhorn, Plano, Texas 75025

5. Upon information and belief, Defendant Dell is a Delaware corporation having a principal place of business at One Dell Way, Round Rock, Texas 78682. Upon information and belief, Dell is authorized to do business in Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701..

## II. JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction exists generally over the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of

Texas and within the Eastern District of Texas. Further, upon information and belief, as of August 26, 2008, Defendant HP acquired EDS, a company having a principal office in the Eastern District of Texas. *See* http://www.eds.com (follow the "Investor" hyperlink). Personal jurisdiction also exists specifically over each Defendant because of their conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Eastern District of Texas.

8. Upon investigation and information, products at issue are offered for sale on the Red Hat website at www.redhat.com in the State of Texas and the Eastern District of Texas.

9. Upon investigation and information, products at issue are offered for sale on HP websites at both www.hp.com and www.eds.com in the State of Texas and the Eastern District of Texas. HP further offers training classes to individuals and other entities on using their products in an infringing manner in the State of Texas and the Eastern District of Texas. See http://h41156.www4.hp.com/education/upload/au/en/hp.redhat-coursecatalog.june-nov.pdf.

10. Upon investigation and information, products at issue are offered for sale on the Dell website at www.dell.com in the State of Texas and the Eastern District of Texas.

11. Upon investigation and information, products at issue are offered for sale on the Genuitec website at www.genuitec.com in the State of Texas and the Eastern District of Texas.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

13. Plaintiff Software Tree repeats and realleges the allegations in paragraphs 1-5 as though fully set forth herein.

14. Plaintiff Software Tree is the owner of all rights, title, and interest in and under United States Patent No. 6,163,776: System and method for exchanging data and commands between an object oriented system and relational system ("the '776 Patent"), which duly and legally issued on December 19, 2000. A true and correct copy of the '776 Patent is attached hereto as <u>Exhibit A</u>.

15. The '776 Patent was subject to a re-examination by the United States Patent Office which confirmed the patentability of all claims, with Claims 36-38 and 40-41 being unchanged, claims 43-46 corresponding to originally issued claims 5, 6, 9, and 10 re-written in independent form, and all other claims as amended being confirmed. During this re-examination Claims 47-75 were added and these claims were also indicated to be patentable. The re-examination concluded on April 8, 2008. A true and correct copy of the re-examination certificate is attached as <u>Exhibit B</u>.

16. The '776 Patent is valid and enforceable.

17. Plaintiff Software Tree has complied with the requirements of 35 U.S.C. § 287.

18. Upon information and belief, Defendant Red Hat has been and is infringing the '776 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, including but not limited to its JBoss suite of software products such as the JBoss Enterprise Application Platform, which includes a critical component known as Hibernate and all other Red Hat products that include Hibernate.

19. By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, Defendant Red Hat has also induced infringement of the '776 Patent under 35 U.S.C. § 271(b).

The infringing products have no substantial non-infringing uses. Upon information and belief, Defendant Red Hat has indirectly infringed and continues to indirectly infringe the '776 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '776 patent.

20. Defendant Red Hat had and continues to have actual knowledge of the '459 patent and their coverage of Red Hat's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Upon information and belief, Red Hat's actual knowledge is manifested in another third-party patent infringement lawsuit involving the relevant technology, and the '776 Patent was cited by this Defendant as a prior art reference. Red Hat's infringement is therefore willful.

21. Upon information and belief, Defendant HP has been and is infringing the '776 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, including but not limited to HP software products such as the HP Open Source JBoss-Based J2EE Application Server Middleware Stack and HP Performance Management Pack, and all other HP products that include Hibernate and related Red Hat JBoss products.

22. By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, Defendant HP has also induced infringement of the '776 Patent under 35 U.S.C. § 271(b). The infringing products have no substantial non-infringing uses. Upon information and belief, Defendant HP has indirectly infringed and continues to indirectly infringe the '776 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to

others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '776 patent.

23. Upon information and belief, Defendant Dell has been and is infringing the '776 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, including but not limited to its Dell/Red Hat solution products such as the JBoss Enterprise Application Platform, and all other Dell products that include Hibernate and related Red Hat JBoss products.

24. By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, Defendant Dell has also induced infringement of the '776 Patent under 35 U.S.C. § 271(b). The infringing products have no substantial non-infringing uses. Upon information and belief, Defendant Dell has indirectly infringed and continues to indirectly infringe the '776 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '776 patent.

25. Upon information and belief, Defendant Genuitec has been and is infringing the '776 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, including but not limited to its software products known as MyEclipse, and all other Genuitec products that include Hibernate.

26. By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, Defendant Genuitec has also induced infringement of the '776 Patent under 35 U.S.C. § 271(b).

The infringing products have no substantial non-infringing uses. Upon information and belief, Defendant Genuitec has indirectly infringed and continues to indirectly infringe the '776 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '776 patent.

27. As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff Software Tree has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

28. Plaintiff Software Tree's ongoing business has suffered significantly from the infringement of Defendants, and has lost and will continue to lose profits as a result of the Defendants' infringement.

29. Plaintiff Software Tree has no adequate remedy at law against these acts of patent infringement. Unless Defendants are permanently enjoined from its unlawful and willful infringement of the '776 Patent, Plaintiff Software Tree will suffer irreparable harm.

30. Plaintiff Software Tree has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff Software Tree is entitled to recover its reasonable and necessary fees and expenses.

## IV. PRAYER FOR RELIEF

Plaintiff Software Tree respectfully requests that judgment be entered in its favor and against Defendant and the Court grant the following relief to Plaintiff Software Tree:

A. Declare that the '776 Patent is valid and enforceable:

B. Declare that Defendants has infringed the '776 Patent;

C. Declare that Defendants' infringement was willful;

D. Award damages to Plaintiff Software Tree to which it is entitled for patent infringement;

E. Award damages to Plaintiff Software Tree to which it is entitled for its lost profits;

F. Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the '776 Patent;

G. Enter a preliminary and thereafter a permanent injunction against Defendants' active inducements of infringement and/or contributory infringements of the '776 Patent by others;

H. Award Plaintiff Software Tree its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

I. Award Plaintiff Software Tree increased damages in an amount not less that three times the amount of damages found by the jury or assessed by this Court, for Defendants' willful infringement pursuant to 35 U.S.C. § 284;

J. Award interest on Plaintiff Software Tree's damages; and

K. Award such other relief as the Court deems just and proper.

## V. JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff Software Tree asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

Dated: March 3, 2009

Respectfully submitted,

_JEFFREY R. BRAGALONE_, Attorney in Charge
State Bar No. 2855775
MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408

SHORE CHAN BRAGALONE, LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
tel. 214.593.9110
fax 214.593.9111

ATTORNEYS FOR PLAINTIFF
SOFTWARE TREE, LLC.