**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SOFTWARE TREE, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 6:09-cv-00097-LED |
| | § | |
| **RED HAT, INC., HEWLETT-PACKARD COMPANY, GENUITEC, L.L.C., and DELL, INC.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S MOTION TO SEVER DEFENDANT HEWLETT-PACKARD COMPANY'S PATENT INFRINGEMENT COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Software Tree, LLC ("Software Tree") files this Motion to Sever Defendant and Counter-Claimant Hewlett-Packard Company's ("HP") Patent Infringement Counterclaim, and respectfully shows as follows:

**I. INTRODUCTION**

Nearly three months after the deadline for asserting infringement contentions in this action, HP served its infringement contentions on Software Tree. HP's belated assertion of its patent in this action now threatens to disrupt the current agreed claims construction schedule, and Software Tree opposes HP's Motion to Amend the parties' agreed Docket Control Order for the reasons set forth in its response in opposition, filed contemporaneously herewith.[1] Because of the danger of prejudice to Software Tree, and because HP's allegations regarding its patent do not arise out of the same transaction or occurrence as Software Tree's allegations against HP, the Court should sever HP's counterclaim from this case.

---
[1] Doc. No. 87, Software Tree's Response In Opposition to Motion to Amend Docket Control Order.

**PLAINTIFF'S MOTION TO SEVER DEFENDANT HEWLETT-PACKARD COMPANY'S PATENT INFRINGEMENT COUNTERCLAIM –**          **Page 1**

Contrary to the prejudice that Software Tree would suffer if the Court allows HP's belated counterclaim to alter the existing schedule, HP will suffer no prejudice by separating its unrelated and untimely counterclaims into a different case. Both case law and the Federal Rules of Civil Procedure readily recognize the Court's authority to achieve this fair result.

## II.  ARGUMENTS AND AUTHORITIES

### A.  The HP Counterclaim Meets the Test for Severance.

Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately."[2] Rule 21 applies when the claims asserted do not arise out of the same transaction or occurrence.[3] Severance is proper when the court determines that severance is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition or economy."[4]

Courts often sever patent infringement counterclaims that are factually and legally unrelated to the primary claims in a case to avoid prejudice, jury confusion, and promote better judicial economy.[5] For example, in *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, the court severed the counterclaim filed by one defendant because of likelihood of jury confusion and lack of prejudice to defendants.[6] The *CVI/Beta Ventures* Court did so notwithstanding the fact that the counterclaim patent was in the same technology field as plaintiff's asserted patents.[7] The *CVI/Beta Ventures* Court noted that, because only one defendant and one plaintiff are involved in the counterclaim patent, severance was appropriate, as the potential jury confusion

---

[2] Fed. R. Civ. P. 21.
[3] *See Am. Fidelity Fire Ins. Co. v. Construcciones Werl, Inc*., 407 F. Supp. 164, 190 (D. Vi. 1975).
[4] *Conkling v. Turner,* 18 F.3d 1285, 1293 (5th Cir. 1994). *See also FDIC v. Selaiden Builders, Inc*., 973 F.2d 1249, 1253 (5th Cir. 1992), *cert. denied*, 507 U.S. 1051 (1993).
[5] *See, e.g., Tab Express International, Inc. v. Aviation Simulation Technology, Inc.*, 215 F.R.D. 621, 624-25 (D. Kan. 2003); *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506-07 (D. Md. 1995).
[6] *CVI/Beta Ventures*, 896 F. Supp. at 506.
[7] *Id.*

and lack of prejudice to defendants outweighed any potential gain in judicial economy from trying the different patent cases together.[8]

1. Neither HP Nor Any Other Defendant Will Be Prejudiced By Severance.

The facts in *CVI/Beta Ventures* are strikingly similar to the present case. Here, only one out of five defendants in the two related cases before the Court has asserted – albeit untimely – a counterclaim for alleged infringement of the new patent, HP's U.S. Patent No. 5,907,846 ("the '846 Patent"). Although HP in its Motion for Entry of an Amended DCO argues that severance is not appropriate, HP offers no allegation that severance will somehow result in prejudice to it. Nor does HP argue that severance of HP's infringement counterclaim would result in any possible prejudice to the other defendants.

2. The Two Patents Are Separate and Distinct Transactions or Occurrences.

In *Salomon S.A. v. Scott USA Ltd. Partnership*, the court exercised its broad discretion to sever a defendant's patent infringement counterclaims from plaintiff's patent infringement claims.[9] In doing so, the court recognized that: "Notwithstanding defendants' arguments that the counterclaims here at issue are compulsory counterclaims under Fed.R.Civ.P. 13(a), the fact that each patent involves ***distinct issues of novelty***" warranted severance.[10] Like the patents at issue in *Salomon*, Software Tree's U.S. Patent No. 6,163,776 ("the '776 Patent") and HP's '846 Patent claim different subject matter and distinct issues of novelty.

3. HP's Allegation that the '846 Patent is Invalidating Prior Art to the '776 Patent is Disingenuous At Best.

HP's attempts to allege a connection between the claims of HP's counterclaim patent and the Software Tree '776 Patent are without merit. Tellingly, HP declines to discuss any features

---

[8] *Id.*
[9] *Salomon S.A. v. Scott USA Ltd. P'ship,* 117 F.R.D. 320, 321 (D. Mass. 1987).
[10] *Id.* The *Salomon* case also involved separate, pending actions involving the counterclaim patents, a factor not present in the instant case.

of the two patents that it alleges are similar, and wholly fails to demonstrate how the '846 Patent supposedly anticipates any of the many novel features of the '776 Patent. Although both the '846 and '776 Patents are related to retrieving data from a relational database into an object oriented system, they target different problems with distinct approaches. The innovative system disclosed in the '776 Patent "comprises an Object-Relational Mapping (ORM) grammar, an ORM specification, Object Class Definitions, a relational database, an operating system, a Database Exchange Unit including a OR mapping unit, a schema generator, a schema reverse engineering unit and applications."[11]

In contrast, the '846 Patent strives to meet the need for "a system that can correctly resolve references to later loaded objects without the need to update pointers in preexisting objects," and to "provide an in-memory cache without coupling the objects to an external entity."[12] None of the novel features and limitations in the '776 Patent, such as the ORM grammar, ORM specification, and automatic Database Exchange Unit, are disclosed in or even hinted at in the '846 Patent. The '846 Patent simply does not represent invalidating prior art to the '776 Patent. It's not even close.

Further contradicting HP's claim that the '846 Patent is invalidating prior art to the patent-in-suit, Oracle Corporation, the defendant in the related case,[13] never cited the '846 as a prior art despite the fact that Oracle *twice* filed requests for re-examination of the '776 Patent. The '846 Patent was never considered by the U.S. Patent and Trademark Office ("USPTO") in any of its examinations of the '776 Patent. HP's own invalidity contentions, which are almost identical to the contentions filed by Oracle, simply appended the '846 Patent to the sixth page in

---

[11] U.S. Patent No. 6,163,776, Col. 2, lines 56–62.
[12] U.S. Patent No. 5,907,846, Col. 3, lines 19–24, attached as Exhibit C to HP's Amended Counterclaim already on file..
[13] *Software Tree, LLC. v. Oracle Corp.*, Civil Action No. 6:08-cv-00126-LD.

a prior art list, along with literally hundreds of other references.[14] More importantly, HP never even attempted to demonstrate in its invalidity contentions how the '846 Patent allegedly demonstrates each claim of the '776 Patent, despite the fact that it attempted to do so for other prior art references.

It appears that HP – knowing it intended to belatedly add the '846 Patent to this case – attempted to "manufacture" an alleged connection between the '776 and '846 Patents to bolster its later argument that they should be part of the same lawsuit. The Court should focus on the substance of the two references, and disregard HP's attempt to create a superficial connection by merely adding its patent to a laundry list of other references.

    4.    <u>Severance Will Avoid Prejudice to Software Tree</u>.

In *Tab Express International, Inc. v. Aviation Simulation Technology, Inc.*, the court severed defendants' permissive counterclaims of patent infringement where the counterclaim would delay discovery and adjudication of plaintiff's contract claims by introducing complexity and unrelated factual questions.[15] Here, HP's assertion of the '846 Patent would needlessly add additional discovery and complexity to this case.

The deadline for discovery related to claims construction in this action is less than three weeks away. Despite this fact, HP has yet to amend its initial disclosures to identify any witnesses related to the '846 Patent. HP also failed to state whether it even has any products that practice the invention, much less disclosed other discovery regarding any of its products that may practice the invention. The parties to this case have already exchanged P.R. 4-2 claim constructions of numerous claim terms of Software Tree's '776 Patent, and are preparing their P.R. 4-3 Joint Claim Construction statement as to Software Tree's '776 Patent. Introducing a

---

[14] *See* Doc. No. 87, at Exhibit B (Defendant's Invalidity Contentions, p. 5–11).
[15] *See, e.g., Tab Express International, Inc. v. Aviation Simulation Technology, Inc.*, 215 F.R.D. at 624-25 (D. Kan. 2003).

brand-new patent at this late stage in the claims construction process will prejudice Software Tree by requiring it to focus on claims construction issues related to the new patent, and to do so on an expedited schedule. The newly asserted '846 patent imposes enormous new discovery obligations on Software Tree; it now has to spend significant time and resources to investigate prior art, enforceability issues, additional affirmative defenses and/or counterclaims, not to mention the additional expert discovery and expert reports needed for the '846 patent.

Moreover, it is apparent from the infringement contentions themselves that HP cobbled them together; the contentions concede that HP has been unable to determine whether Software Tree infringes its belatedly-asserted patent. Indeed, it does not appear that HP even bothered to install or run Software Tree's accused product, much less engage in a thorough Rule 11 investigation. These deficiencies require Software Tree to engage in discovery regarding whether HP had a good faith basis to allege its claims against Software Tree in the first place.

Thus, HP's newly asserted counterclaims now seek to dramatically expand the scope of this action by asserting multiple claims from an unrelated patent. This alone constitutes prejudice to Software Tree. Like the facts in *CVI/Beta Ventures*, the potential prejudice to Software Tree outweighs any perceived judicial economy from trying the two cases together. The current proceeding is already under a tight schedule in order to accommodate multiple parties in this and a related case before this Court. The added complexity of litigating a separate patent on expedited deadlines is highly prejudicial to Software Tree's ability to adequately present its case at the *Markman* hearing and beyond.

### B. The Interest of Justice Supports the Severance of HP's Belated Claims

As detailed in Software Tree's Response in Opposition to HP's Motion, HP was required to move the Court for both leave to amend its counterclaims and leave to serve its P.R. 3-1 and

3-2 disclosures. In fact, the agreed DCO and this Court's standard DCO require a party to move for leave to file amended pleadings irrespective of whether the amendment is made prior to the deadline "if the amendment would affect infringement contentions or invalidity contentions."[16] HP failed to do so. Since no good cause exists to justify its untimely proposed amendment, the interest of justice favors the severance of HP's counterclaim as the proper remedy.

### C. Case Law Supports Severance in the Present Case

Contrary to HP's assertion in its Motion to Amend DCO, case law does support severance here. As demonstrated above, courts have routinely granted severance of patent infringement counterclaims to avoid prejudice and promote judicial economy. On the other hand, the cases cited by HP in its Motion to Amend DCO are all easily distinguishable.

The only case HP cited from this Court is a plaintiff's request for trial bifurcation. In *Mass Engineered Design, Inc. v. Ergotron, Inc.*, the principle patent covers a two monitor display system for a computer while the counterclaimed patent covers the secondary display system for the computer.[17] Further, the counterclaimed patent is one of the references cited on the face of the principle patent.[18] As this Court correctly noted, bifurcating defendant's infringement counterclaim "would not be 'convenient' or 'conducive to expedition and economy'" because there was no question in that case that defendant's patent could be an invalidating prior art in the trial of the principle patent.[19] The intermingled relationship between the two patents in *Mass Engineered Design* is starkly differently from the "manufactured" attempt to show relevance in the present case.

---

[16] *See* Dkt. No. 65 (December 14, 2009 Amended Pleadings deadline). Note: The standard Docket Control Order still refers to Patent Rule 3-7 as the patent rule governing amending contentions.
[17] *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06-cv-00272-LED, 2007 WL 1428660, at *1 (E.D. Tex. May 11, 2007).
[18] *Id.*
[19] *Id.* at 2.

Similarly, another case relied upon by HP, *Boston Scientific Corp. v. Johnson & Johnson*, involves a situation where the court was adjudicating a <u>patent interference</u> between patents asserted by the plaintiff and the defendants.[20]  Unlike the situation in *Boston Scientific Corp.* where both plaintiff and defendants' patents are claiming the same subject matter, Software Tree has demonstrated that there is no legitimate argument that the '846 Patent and the '776 Patent are so strikingly similar that they are actually attempting to claim the same subject matter.

Finally, in *Garmin Ltd. v. TomTom, Inc.*, there were essentially only two opposing parties involved in the lawsuit (although their subsidiaries or affiliates are also named in the case).[21] And in that case, the parties had already begun discovery on both the claims *and* counterclaims.[22] Unlike the instant case, all parties in the *Garmin* litigation held an interest in the outcome of all of the patents asserted in the case.[23] In addition, the case was a consolidated proceeding from two separate cases, and not a situation where one party had filed an untimely counterclaim.[24]

### III. CONCLUSION

For the reasons set forth above, Software Tree respectfully ask the Court to sever HPs' untimely counterclaims into a separate action.  Permitting HP's patent counterclaims to remain in this lawsuit threatens to prejudice Software Tree. In contrast, HP will suffer no prejudice by having its unrelated and untimely filed patent counterclaims considered in a separate action.

---

[20] *Boston Scientific Corp. v. Johnson & Johnson*, No. C 02-00790 SI, 2006 WL 3455009, at *1 (N.D. Cal. Nov. 29, 2006).
[21] *Garmin Ltd. v. TomTom, Inc.,* No. 06-C-0062-C, 2006 WL 3377487, at *1 (W.D. Wis. June 15, 2006).
[22] *Id.*
[23] *Id.*
[24] *Id.*

Dated: September 12, 2009     Respectfully submitted,

           */s/ Jeffrey R. Bragalone*
JEFFREY R. BRAGALONE, Attorney in Charge
State Bar No. 2855775
MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408

SHORE CHAN BRAGALONE, LLP
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
tel. 214.593.9110
fax 214.593.9111

ATTORNEYS FOR PLAINTIFF
SOFTWARE TREE, LLC.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that I conferred with David Bahler, counsel for HP, regarding a motion to sever on August 28 and again on September 1, all via telephone conference. For the reasons stated in HP's Opposed Motion to Amend DCO (Docket No. 82), HP stated that it opposes this Motion to Sever. For these reasons, the parties are at an impasse.

           */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on September 12, 2009. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

           */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone